1  RASHEED MCWILLIAMS (CA State Bar No.  281832)
   DAVIS WRIGHT TREMAINE LLP
2  rasheedmcwilliams@dwt.com
3  865 S. Figueroa Street, Suite 2400
   Los Angeles, CA 90017
4  Telephone:   (213) 633-8620
5  Facsimile:    (213) 633-6899

6  CATHERINE E. MAXSON (CA State Bar No. 187509)
7  catherinemaxson@dwt.com
   DAVIS WRIGHT TREMAINE LLP
8  920 Fifth Avenue, Suite 3300
9  Seattle, Washington 98104
   Telephone:   (206) 757-8098
10

11 Attorneys for Plaintiff
   INCREMENTO, INC.
12

13

14           IN THE UNITED STATES DISTRICT COURT

15           THE CENTRAL DISTRICT OF CALIFORNIA

16

| 17 INCREMENTO, INC., | Case No. |
|---|---|
| 18      Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| 19   v. | |
| 20 | |
| 21 AH HYUN CHO, | |
| 22      Defendant. | |

23

24

25       Incremento, Inc. ( "Plaintiff"), for its complaint against Ah Hyun Cho

26  ("Defendant"), alleges as follows:

27

28

1

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

## I.     SUBJECT-MATTER JURISDICTION

1.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), because it arises under the Copyright Act (17 U.S.C. § 101, et seq.).

## II.     THE PARTIES

1.     Plaintiff, Incremento, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2670 Leonis Boulevard, Vernon, California, 90058.

2.     On information and belief, Defendant is an individual with her principal residence at 108 West 2nd Street, Unit 312, Los Angeles, CA 90012.

## III.     JURISDICTION AND VENUE

2.     The Court has original jurisdiction over this matter pursuant to 17 U.S.C. § 501 et seq. and 28 U.S.C. § 1338(a).

3.     On information and belief, Defendant is subject to personal jurisdiction in this Court because she resides and transacts business within this judicial district.  Defendant also is subject to personal jurisdiction in this Court because this dispute arises from Defendant's intentionally tortious conduct—namely, willfully and deliberately infringing Plaintiff's copyrights—with which Defendant has specifically targeted and injured Plaintiff in this judicial district.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, among other reasons, Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has harmed Plaintiff in this judicial district.

## IV.     FACTUAL ALLEGATIONS

5.     Plaintiff is the owner of the women's clothing brand Peach Love California, which was started around 2012.  The focus of the Peach Love brand is on retro and fashion forward cuts, color and prints for young women.

2

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP

6.      As part of its efforts to market the Peach Love California clothing designs to stores and other third parties, Plaintiff created photographs of certain of the designs and also hired a photographer to take photographs of certain of the designs (collectively, the "Photos").

7.      Many of the Photos were taken by employees of Plaintiff. Consequently, Plaintiff owns the copyright in such Photos pursuant to 17 USC § 201(b).  Plaintiff has registered the copyright in these Photos, VAu 1-501-547. *See* Exhibit A.

8.      Some of the other Photos were taken by a third party who has exclusively licensed to Plaintiff the right to reproduce, distribute, display, make derivative works of, perform, or otherwise use such Photos.  As the owner of the exclusive rights in these Photos, Plaintiff is entitled to all the protection and remedies accorded to copyright owners pursuant to the Copyright Act.  17 USC § 201(d)(2).  Plaintiff has registered the copyright in these Photos, VAu 1-501-457. *See* Exhibit B.

9.      Defendant was employed as a Designer for Plaintiff from approximately March 4, 2019, until May 13, 2022. As a Designer, Defendant was responsible for researching trends, developing concepts for women's clothing, drawing designs, selecting fabrics, creating measurements and specifications for the clothing she designed, and collaborating with members of the production and sales teams to ensure her designs were properly made.

10.     Defendant had access to the Photos through Plaintiff's data server. On information and belief, Defendant made copies of some or all of the Photos without Plaintiff's permission. Defendant never sought Plaintiff's authorization to display, use or publish the Photos on her website.

11.     On or about September 2022, Plaintiff discovered that Defendant had posted copies of some or all of the Photos on her publicly available website, https://juliecho.carbonmade.com/, which promotes her clothing design skills.

3

COMPLAINT
Case No.

1  Plaintiff did not authorize Defendant to post any of the Photos or to make any use

2  of any of the Photos.

### V.    CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 101, et seq.)

12.    Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 10 above.

13.    Each of the Photos constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

14.    Plaintiff is either the sole owner of copyright in the Photos or the exclusive licensee for all rights in the Photos accorded to the copyright owner under the Copyright Act.

15.    Defendant has copied, displayed publicly the Photos, and/or distributed copies to the public, without the consent or authority of Plaintiff, thereby directly infringing Plaintiff's exclusive rights under Section 106 of the Copyright Act 17 U.S.C. § 106.

16.    The foregoing acts of Defendant constitute infringement of Plaintiff's exclusive rights, in violation of the Copyright Act, 17 U.S.C. § 501(a).

17.    Defendant's actions were and are intentional, willful, wanton, and performed in disregard of Plaintiff's rights.

18.    Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's continued infringement harms Plaintiff such that Plaintiff could not be made whole by a monetary award alone, and (c) Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing.

DAVIS WRIGHT TREMAINE LLP

4

COMPLAINT
Case No.

19.    Plaintiff has been and will continue to be damaged, and Defendant has been unjustly enriched and profited, by Defendant's unlawful infringement of Plaintiff's copyrights in an amount to be proven at trial.  17 U.S.C. § 504(b).

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered in its favor and against Defendant as follows:

1.    A permanent injunction perpetually enjoining and restraining Defendant, and all persons or entities acting in concert with them, from reproducing, creating derivative works from, distributing copies of, and/or publicly displaying the Photos;

2.    An award of the actual damages suffered by Plaintiff as a result of Defendant's infringement, and any profits of Defendant that are attributable to the infringement and are not taken into account in computing the actual damages, or, in the alternative, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c);

3.    An award to Plaintiff of its costs of suit;

4.    An order under 17 USC §503(b) directing

a.    impoundment, on such terms as the Court may deem reasonable, of (i) all copies made or used in violation of the exclusive rights of Plaintiff; (ii) all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and (iii) records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized shall be taken into the custody of the Court; and

b.    destruction or other reasonable disposition of all copies found to have been made or used in violation of Plaintiff's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and

5.    Such other relief as the Court deems just and proper.

COMPLAINT
Case No.

1

2      DATED: August 7, 2023                    DAVIS WRIGHT TREMAINE LLP
                                                RASHEED McWILLIAMS
3                                               CATHERINE E. MAXSON

4

5                                               By:_____

6                                                     Rasheed M. McWilliams
                                                Attorneys for Plaintiff
7                                               INCREMENTO, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
Case No.

DAVIS WRIGHT TREMAINE LLP