RASHEED McWILLIAMS (State Bar No. 281832)
 *rasheedmcwilliams@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

CATHERINE E. MAXSON (State Bar No. 187509)
 *catherinemaxson@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone:  (206) 757-8098
Fax: (206) 757-7098


Attorneys for Plaintiff
INCREMENTO, INC.


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCREMENTO, INC., <br><br>                 Plaintiff, <br><br>    vs. <br><br> AH HYUN CHO, <br><br>                 Defendant. | Case No. **2:23-cv-06427 JFW-PD** <br><br> **NOTICE OF DEFAULT AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT** <br><br> Date:       January 8, 2024 <br> Time:       1:30pm <br> Dept.:      Courtroom 7A <br><br> Assigned to the Hon. John F. Walter and Magistrate Judge Patricia Donahue <br><br> Action Filed:  August 7, 2023 |

TO THE COURT AND DEFENDANT AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on January 8, 2024 at 1:30 p.m. or as soon thereafter as this matter may be heard by the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, plaintiff will present its application for a default judgment against defendant.

At the time and place of hearing plaintiff will present proof of the following matters:

1.      Defendant, Ah Hyun Cho, is an individual, and she is neither an infant nor an incompetent person, and the Servicemembers Civil Relief Act (50 U.S.C. § 3931) does not apply.  (McWilliams Decl. ¶ 5.)

2.      Defendant Cho went to great lengths to avoid service.  The attorneys for Incremento sent a process server to her residence five times; on several of those occasions the process server reported seeing someone look through the door peephole but refusing to open the door.  (McWilliams Decl. ¶ 3 & Ex. D.)  The attorneys also tried service by mail, which was returned because Cho did not answer the door.  (*Id.* & Ex. E.)  Service was finally successful when the process server went to the office where Cho's deposition was being taken in another matter and Cho was personally served with the summons and Complaint on September 21, 2023.  (McWilliams Decl. ¶ 3; ECF No. 12.)

3.      The above-named Defendant has failed to plead or otherwise respond to the complaint.  (McWilliams Decl. ¶ 4.)

4.      Default was entered against defendant Ah Hyun Cho on October 18, 2023.  (McWilliams Decl. ¶ 6; ECF No. 15.)

5.      Notice of this application for default judgment by court has been served on defendant's attorney on December 6, 2023, by electronic means as required by Local Rule 55-1 and Fed. R. Civ. P. 55(b)(2).  (McWilliams Decl. ¶ 9.)

6.      This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 28, 2023.  (*Id.* ¶ 8.)

i

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

This Application is based on this Notice, the attached Declaration of Rasheed McWilliams ISO Default Judgment, the attached Declaration of Brenda Nixdorf ISO Default Judgment, the attached Declaration of Sean Lee ISO Default Judgment, and the pleadings, files and other matters that may be presented at the hearing.

DATED: December 6, 2023          DAVIS WRIGHT TREMAINE LLP
                                 RASHEED McWILLIAMS
                                 CATHERINE E. MAXSON


                                 By:  /s/ Rasheed McWilliams
                                         Rasheed McWilliams
                                      Attorneys for Plaintiff
                                      INCREMENTO, INC.

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................... 1

II.  FACTUAL BACKGROUND..................................................................... 1

III. ARGUMENT ........................................................................................ 3

    A.   Granting A Default Judgment Against Cho Is Proper In This Case ........................................................................................... 3

        1.   This Court Has Personal Jurisdiction Over Cho and Subject Matter Jurisdiction Over This Matter .......................... 3

        2.   Incremento Has Satisfied Any Procedural Requirements for Obtaining a Default Judgment Against Cho ....................... 3

        3.   The *Eitel* Factors Favor Entry of Default Judgment In This Case ...................................................................... 4

            a.   Incremento Will Be Prejudiced Without Entry of Default Judgment............................................... 5

            b.   Incremento's Claim Is Meritorious and the Complaint Sufficiently Pled ............................. 5

            c.   Amount of Money at Stake................................ 8

            d.   There Is No Possibility of Dispute Regarding Material Facts ................................................... 8

            e.   There Is No Possibility of Excusable Neglect ................. 8

            f.   Policy For Deciding Case On the Merits...................... 9

        4.   Incremento is Entitled to Injunctive Relief and a Court Order................................................................... 9

            a.   The Court Should Permanently Enjoin Cho from Infringing the Copyright in the Photos ......................... 9

            b.   The Court Should Order the Destruction of All Copies of the Photos in Cho's Possession or Control ...................................................... 11

IV.  CONCLUSION..................................................................................... 11

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bean v. Pearson Educ., Inc.,*
No. CV 11-8030-PCT-PG R, 2011 WL 1211684 (D. Ariz. Mar. 30, 2011) ..... 10

*eBay Inc. v. MercExchange, L.L.C.,*
547 U.S. 388 (2006) .................................................................................... 10

*Eitel v. McCool,*
782 F.2d 1470 (9th Cir. 1986) ................................................... 4, 5, 8, 9

*Elektra Entertainment Group v. Crawford,*
226 F.R.D. 388 (C.D. Cal. 2005) ............................................... 5, 6, 9

*Ets-Hokin v. Skyy Spirits, Inc.,*
225 F.3d 1068 (9th Cir. 2000) ........................................................ 7

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
499 U.S. 340 (1991) ..................................................................... 6

*Getty Images (U.S.), Inc. v. Virtual Clinics,*
No. C13–0626JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014) ........ 10, 11

*Kloepping v. Fireman's Fund,*
1996 WL 75314 (N.D. Cal. Feb. 13, 1996) .......................................... 5

*PepsiCo v. Triunfo–Mex, Inc.,*
189 F.R.D. 431 (C.D. Cal. 1999) .............................................. 5, 9

*PepsiCo, Inc. v. Cal. Sec. Cans,*
238 F. Supp. 2d 1172 (C.D. Cal. 2002) ...................................... 5, 8

*Philip Morris USA, Inc. v. Castworld Prods., Inc.,*
219 F.R.D. 494 (C.D. Cal. 2003) ............................................... 5, 8

*Sennheiser Elect. Corp. v. Eichler,*
CV 12-10809 MMM, 2013 WL 3811775 (C.D. Cal. July 19, 2013) .................. 3

*TeleVideo Sys., Inc. v. Heidenthal,*
826 F.2d 915 (9th Cir. 1987) ................................................... 3, 6, 8

iv

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Warner Bros. Entertainment Inc. v. Caridi*,
    346 F. Supp. 2d 1068 (C.D. Cal. 2004) ........................................................... 8, 9

**Statutes**

17 U.S.C.
    § 101 ..............................................................................................................7
    § 106 ........................................................................................................... 6, 7
    § 201(a)-(b) ....................................................................................................7
    § 201(b) ..........................................................................................................7
    § 409 ..............................................................................................................7
    § 410(c) ..........................................................................................................7
    § 411 ..............................................................................................................4
    § 501(a) ...................................................................................................... 6, 7
    § 501 *et seq.* ...................................................................................................3
    § 502(a) ..........................................................................................................9
    § 503(b) ....................................................................................................... 11

28 U.S.C. § 1338(a) .............................................................................................3

50 U.S.C. § 3931 .................................................................................................4

**Rules**

Federal Rule of Civil Procedure
    55 ...................................................................................................................9
    55(a) ..............................................................................................................1
    55(b)(2) ..........................................................................................................1

v

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Incremento, Inc. ("Incremento") respectfully seeks entry of default judgment against Defendant Ah Hyun Cho ("Cho").  Because Cho failed to respond to the Complaint, the Clerk of this Court duly entered a default against Cho pursuant to Federal Rule of Civil Procedure 55(a).  Now, as part of the final judgment by default against Cho, Incremento is entitled to entry of a permanent injunction and an order that any copies Cho may have of the works at issue be destroyed, as set forth below.

### II.      FACTUAL BACKGROUND

Incremento is the owner of the women's clothing brand Peach Love California, which was started around 2012.  The focus of the Peach Love California brand is on retro and fashion-forward cuts, color, and prints for young women.  (Compl. ¶ 5.)  As part of its efforts to market the Peach Love California clothing designs to stores and other third parties, one or more employees of Incremento created five photographs of certain of the clothing designs, with such photos entitled dhnz6CMA, IKT85356-01-0010, UhNxwcJq, ZyK4S1bg, SUSa-kJ_ (collectively, the "Photos").  (*See* Lee Decl. ¶¶ 3-4.)

Cho is a former employee of Incremento; she worked at Incremento from approximately March 4, 2019 until May 13, 2022.  In her role at Incremento, Cho would likely have seen the Photos and she had access to the server where Incremento stored the Photos.  (*Id.* ¶ 5.)

Incremento discovered that Cho was using the Photos without Incremento's permission in September 2022.  To promote her clothing designing skills, Cho launched a publicly available website, https://juliecho.carbonmade.com/, and the Photos (or slightly cropped/photoshopped versions thereof) were displayed on this website.  (*Id.* ¶ 6.)  Incremento did not give Cho permission to make a copy of or use the Photos, or to crop/photoshop the Photos.  (*Id.* ¶¶ 5-6.)

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Incremento registered its copyright in the Photos on July 21, 2023, registration number Vau 1-501-547 (the "Registration"), and filed this action for Copyright Infringement on August 7, 2023.  (*See* Compl., Ex. A (ECF Doc. No. 1).)  Cho was personally served by a process server on September 21, 2023.  (McWilliams Decl. ¶ 3; ECF No. 12.)  Cho has failed to serve or file a pleading, or otherwise formally respond to the Complaint.   (McWilliams Decl. ¶ 4.)  Accordingly, the Clerk of this Court entered Cho's Default on October 18, 2023.  (ECF No. 15.)

Because Cho has failed to defend this action, the Court should enter default judgment against Cho, enter the injunction requested by Incremento by way of this motion, and order the destruction of the Photos (or works containing the Photos) in Cho's possession or under her control.

The Court should enter default judgment against Cho because:

- this Court has jurisdiction over Cho and the subject matter of this matter;
- Incremento has satisfied all procedural requirements for entry of default judgment; and
- the factors governing the Court's discretion to grant default judgment overwhelmingly favor Incremento.

The Court should also grant Incremento the relief it requests in its proposed default judgment.  Incremento seeks no monetary damages or attorneys' fees, only entry of an injunctive order requiring that Cho, and her agents and all persons acting under their permission and authority, be permanently enjoined and restrained from infringing upon Incremento's copyright in the Photos, and that all copies of the Photos, or works embodying the Photos, in the possession or control of Cho and her agents be destroyed.  In light of Cho's failure to defend, and the likelihood of irreparable injury to Incremento, such injunctive relief is fully justified here.

2

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

### III.   ARGUMENT

Upon entry of default, the complaint's factual allegations regarding liability are taken as true and are deemed admitted. *See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).* "If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Sennheiser Elec. Corp. v. Eichler, CV 12-10809 MMM (PLAx), 2013 WL 3811775, at \*3 (C.D. Cal. July 19, 2013).* Here, the facts indisputably demonstrate that Cho infringed Incremento's copyright in the Photos, and since Incremento has already been irreparably harmed and risks such harm occurring again in the future, the Court should enjoin Cho from further infringing Incremento's copyright, and order the destruction of the Photos or works embodying the Photos that Cho and her agents possess or control.

**A.   Granting A Default Judgment Against Cho Is Proper In This Case**

**1.   This Court Has Personal Jurisdiction Over Cho and Subject Matter Jurisdiction Over This Matter**

Taking the well pleaded allegations of the Complaint as true, this Court has personal jurisdiction over Cho because Cho is an individual who resides and transacts business in this judicial district. In addition, Cho is subject to personal jurisdiction in this Court because this dispute arises from Cho's intentionally tortious conduct—namely, willfully and deliberately infringing Incremento's copyrights—with which Cho has specifically targeted and injured Incremento in this judicial district. (Compl. ¶ 3.)

This Court also has subject matter jurisdiction over this matter pursuant to 17 U.S.C. § 501 *et seq.* and 28 U.S.C. § 1338(a). (Compl. ¶ 2.)

**2.   Incremento Has Satisfied Any Procedural Requirements for Obtaining a Default Judgment Against Cho**

Although Cho went to great lengths to avoid service, Incremento was able to personally serve Cho with the Summons and the Complaint. Incremento's attorneys

3

sent a process server to Cho's residence five times; on several of those occasions the process server reported seeing someone look through the door peephole but refusing to open the door.  (McWilliams Decl. ¶ 3 & Ex. D.)  Incremento's attorneys also tried service by mail, which was returned because Cho did not answer the door.  (*Id.* & Ex. E.)  Service was finally successful when the process server went to the office where Cho's deposition was being taken in another matter and served the summons and complaint on Cho on September 21, 2023.  (*Id.* ¶ 3; ECF No. 12.)  Cho has not responded to the Complaint in this action.  (McWilliams Decl. ¶ 4.)  Further, Cho is not an infant or incompetent, nor is she a military service member, or otherwise entitled to the exceptions found in the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.  (*See id.* ¶ 5.)

The Clerk entered Cho's default on October 18, 2023.  (McWilliams Decl. ¶ 6; ECF No. 15, Default by Clerk.)  Incremento has met and conferred with Cho's counsel and served Cho's counsel with a copy of the Motion.  (McWilliams Decl. ¶¶ 8-9.)

Incremento registered the copyright in the Photos on July 21, 2023 (*see* Complaint Ex. A (ECF No. 1); Nixdorf Decl., Ex. A), which is prior to the date on which the Complaint was filed, satisfying the requirement in the Copyright Act that registration occur prior to instituting an action for copyright infringement.  (17 U.S.C. § 411.)

Thus, Incremento has satisfied all procedural requirements for obtaining a default judgment.

**3.      The *Eitel* Factors Favor Entry of Default Judgment In This Case**

In the Ninth Circuit, a court's decision to grant default judgment is guided by the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material

4

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). While the decision to grant a default judgment is left to the sound discretion of the Court, "'default judgments are more often granted than denied.'" *Elektra Ent. Grp. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (quoting *PepsiCo v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)). Weighing the seven *Eitel* factors here compels the issuance of a default judgment in this case.

> ### a. Incremento Will Be Prejudiced Without Entry of Default Judgment

Prejudice exists where, absent entry of a default judgment, the plaintiff would lose the right to a judicial resolution of its claims and would be without other recourse of recovery. *See Elektra Ent. Grp.*, 226 F.R.D. at 392; *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Without a default judgment, Incremento will be deprived of the right to judicial resolution of its claims for copyright infringement, and Cho will be able to engage in her infringing conduct unabated. Furthermore, since Cho has admitted the factual averments in the Complaint by defaulting, *Elektra Ent. Grp.*, 226 F.R.D. at 392, Cho has admitted that Incremento has no adequate remedy at law for Cho's wrongful conduct and that her conduct has damaged Incremento. (Complaint ¶¶ 17-18.) Thus, this factor favors Incremento.

> ### b. Incremento's Claim Is Meritorious and the Complaint Sufficiently Pled

The second and third *Eitel* factors are commonly analyzed together and "require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)). To make a prima facie case of copyright infringement,

5

NOTICE OF DEFAULT AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a plaintiff must establish (1) that it owns a valid copyright, and (2) that the defendant copied elements of the work that are original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In addition, to prevail on a copyright infringement claim, a plaintiff must show that the defendant violated at least one of the copyright owner's exclusive rights granted by Section 106 of the Copyright Act. *See* 17 U.S.C. §§ 106, 501(a); *Elektra Ent. Grp.*, 226 F.R.D. at 392. The right to reproduce and publicly display works protected by copyright, and to create derivative works, are among the exclusive rights held by the owner of the copyright. 17 U.S.C. § 106.

Here, Incremento's Complaint pleads facts sufficient, as a matter of law, to establish that Cho is liable for copyright infringement. The Complaint alleges that the Photos are the subject of a valid copyright registration, that Incremento owns the copyright in the Photos, that the Photos are original works of authorship, and that Cho reproduced and displayed the photos without Incremento's authorization. (Compl. ¶¶ 7, 10, 11, 13-15.) Since the Complaint's factual allegations regarding liability must be taken as true and deemed admitted, *see TeleVideo Sys.*, 826 F.2d at 917, Incremento has stated a claim for copyright infringement.

And although the Complaint is sufficient to prove Incremento's case, with this motion Incremento is also submitting evidence supporting Incremento's claim of copyright infringement. Incremento has submitted copies of the Photos along with screenshots demonstrating Cho's use of the Photos. (*See* Nixdorf Decl., Exs. B & C; *see also* Lee Decl. ¶ 7.) As this evidence reflects, Cho copied all or substantially all of each of the Photos, or cropped/photoshopped the Photos, and displayed substantially all of, or cropped/photoshopped versions of, each of the Photos.

The evidence plainly demonstrates that Cho used elements in the Photos that contain originality, as originality is understood in the Copyright Act. Photographs have long been recognized as a form of artistic expression, and to have sufficient

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

originality to warrant copyright protection.  *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073-77 (9th Cir. 2000) (rejecting argument that photo of vodka bottle lacked originality).  The Photos at issue are no exception: the Photos are original works, and by reproducing and displaying all or substantially all of the Photos (and to the extent Cho cropped/photoshopped the Photos, creating derivative works of the Photos), Cho necessarily used elements of the Photos that possess originality. Moreover, the Registration provides prima facie evidence that the Photos possess originality.  Pursuant to the Copyright Act, a copyright registration certificate provides prima facie evidence of the validity of the copyright in the Photos and the facts stated in the certificate.  *See* 17 U.S.C. § 410(c).

The Registration also provides prima facie evidence that Incremento is the author of the Photos and therefore the owner of the copyright in the Photos.  17 U.S.C. §§ 201(a)-(b), 409.  The evidence also supports Incremento's claim to have authored the Photos and to own the copyright therein.  The Photos were taken by Incremento employees within the scope of their employment.  (*See* Lee Decl. ¶ 4.) Under the Copyright Act, works created by employees within the scope of their employment constitute "works made for hire," 17 U.S.C. § 101, and employers, like Incremento, are the authors of the works and original owners of the copyright in such works made for hire.  *Id.* § 201(b).  Incremento has not assigned or exclusively licensed the copyright in the Photos to any third party so it remains the sole owner and claimant of the copyright in the Photos.  (*See* Lee Decl. ¶ 4.)

Incremento did not give Cho permission to copy or publish the Photos, or to crop/photoshop them (*id.* ¶¶ 5-6), therefore Cho's copying and displaying the Photos, and creation of derivative works based on the Photos via cropping/photoshopping, violated three of the exclusive rights granted to Incremento under the Copyright Act.  17 U.S.C. §§ 106, 501(a).

In short, these two factors also favor Incremento.

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

####  c.       Amount of Money at Stake

Pursuant to the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176.  Here, by its motion for default judgment, Incremento is not seeking monetary damages, but only injunctive relief and a court order.  This factor therefore favors the granting of default judgment.

####  d.       There Is No Possibility of Dispute Regarding Material Facts

The fifth *Eitel* factor requires the court to consider the possibility of a dispute as to a material fact.  *Eitel,* 782 F.2d at 1471-72.  Where as here the plaintiff filed a well-pleaded complaint with facts sufficient to establish its claim, to which the defendant failed to respond, and default has been entered by the clerk, "the likelihood that any genuine issue may exist is, at best, remote." *Philip Morris,* 219 F.R.D. at 500.  Moreover, the facts alleged in the Complaint are accepted as true, *see TeleVideo Sys.,* 826 F.2d at 917, thus there is no possibility of a dispute relating to the material facts at this point.  *Warner Bros. Ent. Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004).  This factor favors Incremento.

####  e.       There Is No Possibility of Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Cho's default resulted from excusable neglect.  *Eitel,* 782 F.2d at 1471-72.  Here, the facts show that Cho intentionally went to great lengths to avoid service, which suggests that she knew she was being sued.  (*See* McWilliams Decl. ¶ 3.)  Eventually, Incremento was able to serve Cho.  (*Id.* ¶ 3.)  However, even after having been served, Cho did not bother to respond to the Complaint, and indeed did not even retain counsel until a week after the Clerk entered default.  (*See* ECF Nos. 15, 16.)  Cho's shenanigans to avoid service, when coupled with her failure to respond to the Complaint and her failure to retain counsel until after default was already entered, demonstrates that her default was intentional, and not the result of excusable neglect.  *Warner Bros. Ent.,* 346 F. Supp. 2d at 1072-73 (failure to respond is not the result of excusable

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

neglect when the defendant had actual or constructive notice of the lawsuit). Accordingly, this factor favors the entry of default judgment.

#### f.    Policy For Deciding Case On the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits.  *Eitel*, 782 F.2d at 1471-72.  "[T]his factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered."  *Warner Bros. Ent. Inc.,* 346 F. Supp. 2d at 1073.  Rule 55 of the Federal Rules of Civil Procedure authorizes termination of a case before a hearing on the merits under circumstances precisely like those present here, and indeed "'default judgments are more often granted than denied.'"  *Elektra Ent.*, 226 F.R.D. at 392 (quoting *PepsiCo*, 189 F.R.D. at 432).  This factor favors Incremento, or at least should not prevent the entry of the default judgment.

### 4.    Incremento is Entitled to Injunctive Relief and a Court Order

As the remedy in this matter, Incremento requests that this court permanently enjoin Cho and her agents from any further use of the Photos, and order that Cho and her agents destroy any copies of the Photos, and works into which the Photos have been incorporated, in their possession or control.

#### a.    The Court Should Permanently Enjoin Cho from Infringing the Copyright in the Photos

Under the Copyright Act, the court has the authority to issue an injunction to prevent future infringements of copyright.  17 U.S.C. § 502(a).  As Incremento has presented a clear case of copyright infringement, it requests that the court use its authority to permanently enjoin Cho.  A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent

9

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  A permanent injunction is warranted here.

*First*, Incremento has suffered irreparable harm because Cho used the Photos to promote her skills in designing clothing (Lee Decl. ¶ 6) with the goal of enabling Cho to obtain a position where she could design clothing that competes with Incremento's clothing designs.  Moreover, if customers recognize the designs in the Photos as belonging to Incremento's Peach Love California brand, they will be confused by Cho's use Photos featuring the same clothing styles.  Without entry of a permanent injunction, Incremento would have no assurances that Cho would not infringe the copyright in the Photos again, causing additional irreparable injury to Incremento.  *See Getty Images (U.S.), Inc. v. Virtual Clinics*, No. C13–0626JLR, 2014 WL 1116775, at *6 (W.D. Wash. Mar. 20, 2014) ("The first factor— irreparable harm—may be shown where there is '[j]eopardy to a company's competitive position caused by copyright infringement,' or where there is 'the threat of the loss of prospective customers, goodwill, or reputation.'") (quoting *Bean v. Pearson Educ., Inc.*, No. CV 11–8030–PCT–PG R, 2011 WL 1211684, at *2 (D. Ariz. Mar. 30, 2011)).

*Second*, an award of monetary damages alone is unlikely to prevent or deter Cho's conduct because collecting any monetary award will likely prove to be challenging for Incremento.  Cho's efforts to avoid service, and failure to respond to the Complaint, all suggest that it will be difficult for Incremento to recover damages.  *Getty*, 2014 WL 1116775, at *6.

*Third*, while Incremento will be severely harmed if its copyrights are further infringed, the harm to Cho if injunctive relief is granted is remote.  Cho has no legitimate basis for using Incremento's Photos; rather, her use of the Photos appears to be solely for the purpose of marketing her skills for the purpose of attaining a position that enables her to design clothing that competes with Incremento's clothing designs.  *Getty*, 2014 WL 1116775, at *7.

10

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Fourth*, there is no basis for concluding that an injunction that prevents future infringement of copyright would be contrary to the public interest. Indeed, courts usually conclude that the public interest is <u>served</u> by enjoining copyright infringement. *Id*.

Incremento therefore submits that its requested permanent injunctive relief be entered in its entirety against Cho and those working in concert with Cho.

**b.    The Court Should Order the Destruction of All Copies of the Photos in Cho's Possession or Control**

Pursuant to <u>Section 503(b) of the Copyright Act</u>, a court may order the destruction of all copies made or used in violation of a copyright owner's exclusive rights. <u>17 U.S.C. § 503(b)</u>. Incremento requests that the court use its discretion to order the destruction of the copies of the Photos, as well as any works based on or embodying the Photos, in Cho's possession or the possession of her agents.

## IV.    CONCLUSION

For the reasons stated above, Incremento respectfully requests the court grant its Motion for Default Judgment in its entirety.

DATED: December 6, 2023

DAVIS WRIGHT TREMAINE LLP
RASHEED McWILLIAMS
CATHERINE E. MAXSON

By:  */s/ Rasheed McWilliams*
        Rasheed McWilliams
Attorneys for Plaintiff
INCREMENTO, INC.

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Incremento, Inc., certifies that this brief contains 4,401 words, which complies with the world limit of L.R. 11-6.1.

DATED: December 6, 2023         DAVIS WRIGHT TREMAINE LLP
RASHEED McWILLIAMS
CATHERINE E. MAXSON


By:  */s/ Rasheed McWilliams*
                 Rasheed McWilliams
Attorneys for Plaintiff
INCREMENTO, INC.

12

NOTICE OF DEFAULT AND APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT
4879-0642-2408v.3 0120836-000002

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899