**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 23-6427-JFW(PDx)**                            Date:  January 11, 2024

Title:        Incremento, Inc. -v- Ay Hyun Cho

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                                  None

PROCEEDINGS (IN CHAMBERS):       **ORDER DENYING WITHOUT PREJUDICE
                                                          DEFENDANT'S MOTION (A) TO DISMISS FOR LACK
                                                          OF PERSONAL JURISDICTION OR (B) TO QUASH
                                                          SERVICE AND VACATE ENTRY OF DEFAULT [filed
                                                          12/6/23; Docket No. 34]; and**

                                                          **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
                                                          APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
                                                          BY COURT [filed 12/7/23; Docket No. 38]**

On December 6, 2023, Defendant Ah Hyun Cho ("Defendant") filed a Motion (A) to Dismiss for Lack of Personal Jurisdiction or (B) to Quash Service and Vacate Entry of Default ("Motion"). On December 18, 2023, Plaintiff Incremento, Inc. ("Plaintiff") filed its Opposition.  On December 22, 2023, Defendant filed a Reply.  On December 7, 2023, Plaintiff filed an Application for Entry of Default Judgment by Court ("Application").  On December 18, 2023, Defendant filed her Opposition.  On December 22, 2023, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's January 8, 2024 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Once default has been entered against a defendant, they have "lost [their] standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing." *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (internal citation omitted); *see also Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, 2006 WL 2522408, at * 2 (E.D. Cal. Aug. 29, 2006) ("Entry of a defendant's default cuts off a defendant's right to appear in an action").  The proper remedy for a

Initials of Deputy Clerk __sr_

defendant seeking to set aside a default and defend an action is to file a motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c).  *See, e.g., Warner Bros. Home Entertainment, Inc. v. Meyers*, 2013 WL 12142605, at *1 (C.D. Cal. Apr. 24, 2013).  In order to prevail on a motion to set aside a default, the defaulting defendant must demonstrate good cause.  *See* Fed. R. Civ. P. 55(c); *see also Clifton*, 21 F.2d at 897 (stating that a defaulted party "should show good cause before the default should be set aside").

In her Motion, Defendant seeks, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), an order dismissing this action on the grounds that Defendant was not properly served on September 21, 2023, and, as a result, the Court lacks personal jurisdiction to enforce the default that was entered against Defendant on October 18, 2023.  *See* Docket No. 15.  However, Defendant has not move pursuant to Rule 55(c) to set aside the default entered against her or discuss the factors necessary to demonstrate good cause under Rule 55(c).[1]  Because default has been entered against Defendant and Defendant has not moved to set aside the default, the Court **DENIES without prejudice** Defendant's Motion.  However, the Court will grant Defendant an opportunity to move to set aside the default entered against her.  Defendant shall file any motion to set aside the default on or before January 19, 2024.

The Court **DENIES without prejudice** Plaintiff's Application.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (holding that "[c]ases should be decided upon their merits whenever reasonably possible" in light of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

IT IS SO ORDERED.

---

[1]  After Plaintiff pointed out in its Opposition that Defendant had failed to discuss the factors necessary to demonstrate good cause under Rule 55(c), Defendant attempted to address several of those factors for the first time in her Reply.  However, a party may not raise a new argument for the first time in its reply brief.

Initials of Deputy Clerk  _sr_